Entered on Docket
September 06, 2012
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

Signed and Filed: September 4, 2012

_____
**THOMAS E. CARLSON**
U.S. Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re | Case No. 11-33306 TEC |
| MAUREEN BARBARA KENNEY, | Chapter 7 |
| Debtor. | |
| FRANK BROWN, | Adv. Proc. No. 11-3227 TC |
| Plaintiff, | |
| vs. | |
| MAUREEN BARBARA KENNEY, | |
| Defendant. | |

## MEMORANDUM DECISION

This is an action in which Plaintiff seeks to except from Debtor's discharge the liability established in a court-confirmed arbitration award. On July 27, 2012, the court held a hearing on a motion in which Plaintiff seeks summary judgment on his non-dischargeability claim and seeks to dismiss Debtor's breach-of-contract counterclaim. David J. Cook appeared for Plaintiff Frank Brown. Michael S. Keck appeared for Debtor/Defendant Maureen Kenney. Upon due consideration, and for the reasons stated below,

MEMORANDUM DECISION -1-

I determine that Plaintiff's motion for summary judgment should be granted and that Defendant's counterclaim should be dismissed.

**FACTS**

This dispute grows out of a partnership agreement between Brown and Kenney. In June 2006, Brown purchased real property at 1094-1096 Union Street/2008, 2022-2024 Leavenworth Street, San Francisco, California (the Property). In the course of the purchase, Brown transferred $500,000 to Kenney. Kenney, a licensed real estate broker/salesperson, agreed to manage the Property, and obtained an ownership interest in the Property. The Property was lost in foreclosure sometime after June 2009.

Brown asserted a claim against Kenney for fraud and breach of fiduciary duty. Kenney asserted a counterclaim for breach of contract. The dispute was referred to an arbitrator, who found Kenney liable to Brown under a theory of constructive fraud and awarded Brown $500,000 in damages and $216,255 in attorneys fees. The arbitrator barred Kenney from offering evidence in support of her counterclaim, because she failed to deposit her share of the costs of the arbitration.

The arbitrator, a retired state-court judge, made numerous findings of fact, including the following: that Brown and Kenney were partners pursuant to an August 2005 partnership agreement; that Brown transferred $500,000 to Kenney for the purchase of the Property; that Kenney was a licensed real estate broker/ salesperson; that Kenney agreed to manage the Property for Brown; that Kenney caused money to be borrowed against the Property and did not account for the loan proceeds; that Kenney collected rents from the Property and did not account to Brown for those funds;

that Kenney occupied part of the Property without paying rent; that Brown used rental income and/or loan proceeds to make improvements to the portion of the Property that she occupied solely for her benefit; that Kenney appropriated to her own use rental income and loan proceeds from the Property; that the Property was lost in foreclosure as a result of the loans Kenney caused to be made against the Property; and that Brown suffered a loss of $500,000 as a result of Kenney's wrongful acts. Arbitrator's Decision at 3-8.

The arbitrator also made detailed conclusions of law in which he explained that Kenney was liable to Brown under a species of fraud by a fiduciary. The arbitrator discussed whether Kenney could be held liable under a theory of defalcation by a fiduciary, and concluded that although the acts in question looked very much like what bankruptcy courts characterize as defalcation, California law did not recognize a tort called defalcation, but would impose liability on the basis that Kenney engaged in constructive fraud while in a fiduciary capacity.

> Preliminarily, it is hornbook law that partners are trustees over the partnership assets, and likewise owe all fiduciary duties within the meaning of 11 U.S.C. § 523(a)(4). (<u>Ragsdale v. Haller</u> (9th Cir. 1986) 780 F.2d 794, 795-96) Likewise, real estate agents and brokers stand in a fiduciary relationship with their principals and thereby owe the "same obligation of undivided service and loyalty" owed by trustees to their beneficiaries. (<u>In re Niles</u> (9th Cir. 1997) 106 F.3d 1456, 1459)
>
> Claimant seeks an order imposing liability upon Respondent Kenney on two theories: fraud and defalcation. Dealing with the second theory first, Claimant contends that the law is a follows:
>
>> "A fiduciary is liable for defalcation where she "fails to account fully for money received." (<u>In re Lewis</u> (9th Cir. 1996) 97 F.3d 1182, 1187) As written by Judge Learned Hand, "(c)olloquially perhaps the word 'defalcation', ordinarily implies some moral dereliction, but in the context it may have included innocent defaults, so as to include all fiduciaries who for any reason were short

MEMORANDUM DECISION         -3-

in their accounts." (In re Gonzales (9th Cir.
BAP 1982) 22 B.R. 58, 59)" (Claimant's Proposed
Arbitrator's Award at page 7.)

It appears to the undersigned, however, after
reviewing over 100 California cases, that defalcation is
not a recognized tort cause of action in the state nor
are there any cases defining exactly what defalcation is.
(*See Bent v. Rivergate Commons* (2006) 2006 WL 3531425,
*4; *Ivy v. Plyler* (1966) 246 Cal.App.2d 678, 683-84.)
Instead, California courts have generally relied on
allegations of defalcation to support claims for, *inter
alia*, fraud.
Black's Law Dictionary defines defalcation, however,
as follows: the "misappropriation of trust funds or money
held in any fiduciary capacity; [the] failure to properly
account for such funds." (*Black's Law Dictionary* 417
(6th ed. 1990).) And in the context of bankruptcy
proceedings, defalcation "includes the innocent default
of a fiduciary who fails to account fully for money
received." (*In re Short* (9th Cir. 1987) 818 F.2d 693,
694; *In re Baird*, 114 B.R. 198, 204 (9th Cir. BAP 1990)
["In the context of section 523(a)(4), the term
'defalcation' includes innocent, as well as intentional
or negligent defaults so as to reach the conduct of all
fiduciaries who were short in their accounts"].) As
such, an individual may be liable for defalcation without
having the intent to defraud. (*In re Lewis* (9th Cir.
1996) 97 F.3d 1182, 1186-1187.)
For this reason, the Arbitrator concludes that
there is not a basis for imposing liability upon
Respondent Kenney under the doctrine of defalcation.
The question is thus whether there is a basis for
imposing liability for fraud.

Id. at 8-10.

Based upon the foregoing findings of fact, the
Arbitrator finds in favor of the Claimant under the
doctrine of constructive fraud. By virtue of her role
as agent, broker and partner, Respondent Kenney owed
Claimant the duties of a fiduciary and was at all
relevant times acting in a fiduciary capacity. That
those obligations were set forth in a number of written
agreements between the parties, including the Tenancy in
Common Agreements, the Tenancy in Common Management
Agreement, the parties' partnership agreement and the
Agreement. And in her transactions with Claimant,
Respondent Kenney significantly failed to fulfill her
duties as a fiduciary....
The overall picture of this case is troublesome.
When she received $500,000 from Claimant, she owed him
the duty to manage, hold and use those funds in trust for
his best interest. Her management of the funds was
however questionable, and she did not account for them or
allocate and use them for Claimant's benefit. Rather she
diverted them for her own benefit, using them to develop

MEMORANDUM DECISION                    -4-

>     the portion of the property that was to become her own
>     home at 2022 Leavenworth Street, a unit that she
>     apparently still inhabits, notwithstanding the entire
>     property having been foreclosed upon.
>         ...
>     As to what remedy should be provided to Claimant,
>     the Arbitrator concludes that the request for the return
>     of his investment is not unreasonable. Claimant was
>     damaged in that his investment in the Property of
>     $500,000 was not returned to him. That damage was the
>     legal result of the Respondent's misrepresentations and
>     breaches of her fiduciary duties. Claimant is designated
>     the prevailing party. As such he is entitled to recover
>     costs of suit.

Id. at 12-13.

The San Francisco County Superior Court entered a judgment confirming the arbitration award in March 2011. No appeal was taken, and that judgment is now final.

Kenney filed a chapter 7 petition in this court in September 2011. Brown timely brought the current action seeking a determination that the arbitration award be excepted from discharge under section 523(a)(4). Kenney filed a counterclaim against Brown for breach of contract arising from the same investment that gave rise to Brown's claim against Kenney.

The matter is presently before the court on Brown's motion for summary judgment. Brown contends that the confirmed arbitration award made all the findings necessary to except Kenney's liability to Brown from discharge under section 523(a)(4), and that those findings are binding in this proceeding under principles of issue preclusion. Brown also contends that Kenney's courterclaim should be dismissed, because it may be asserted only by the chapter 7 trustee, and because it could have been asserted in the arbitration proceeding and should therefore be barred under principles of claim preclusion.

MEMORANDUM DECISION           -5-

**DISCUSSION**

A. Issue Preclusion re Exception from Discharge

Brown seeks to have Kenney's liability under the judgment affirming the arbitration award excepted from discharge under section 523(a)(4). That section excepts from discharge any debt "for fraud or defalcation while acting in a fiduciary capacity." To prevail under section 523(a)(4), the plaintiff must show that an express trust was created, that the debtor was a trustee under that trust, and that trust property was lost because debtor did not handle that property as required by the terms of the trust. <u>Otto v. Niles (In re Niles)</u>, 106 F.3d 1456, 1459-60 (9th Cir. 1997); <u>Lewis v. Scott (In re Lewis)</u>, 97 F.3d 1182, 1185-86 (9th Cir. 1996). Under California law, a partnership is an express trust, under which each partner has the duties of a trustee toward other partners regarding partnership property. <u>Ragsdale v. Haller</u>, 780 F.2d 794, 795-96 (9th Cir. 1986).

Brown contends that the arbitration decision made all the findings necessary to determine that Kenney's liability under that award should be excepted from Kenney's discharge under section 523(a)(4). This is so, Kenney contends, because the arbitration decision found that Brown and Kenney were partners regarding the Property, that Brown transferred $500,000 to Kenney for partnership purposes, that Kenney diverted the funds to her own use, and that Brown suffered damages of $500,000 as a result of Kenney's breach of trust. Brown contends that the findings in the arbitration decision are binding in the present action under principles of issue preclusion.

This court looks to California law to determine the preclusive

MEMORANDUM DECISION        -6-

effect of an arbitration award confirmed by a California state court. Khaligh v. Hadaegh (In re Khaligh), 338 B.R. 817, 823-24 (B.A.P. 9th Cir. 2006). The party seeking to establish the preclusive effect of a prior judgment bears the burden of proof. Id. at 825. Under California law, a prior judgment bars re-litigation of issues decided in the prior action to the extent that the following requirements are established: the two actions involved the same parties; the two actions involved the same issues; the relevant issues were actually litigated; the determination of those issues was necessary to the prior decision; the prior decision is final and not subject to appeal; and the imposition of issue preclusion is consistent with public policy. Id. at 825, n3. Under California law, an arbitration award confirmed by a court has the same preclusive effect as a court judgment to the extent the arbitration award satisfies the elements described above. Id. at 826.

In the present case, it is undisputed that the confirmed arbitration award involved the same parties as the current action, that the arbitrator heard evidence and issued a decision in which he made detailed findings of fact and conclusions of law, that those findings and conclusions were necessary to the award, and that the judgment confirming the award is now final and not subject to appeal.

Kenney disputes that the arbitration actually and necessarily decided the same issue involved in present action: whether her liability resulted from "fraud or defalcation while acting in a fiduciary capacity" within the meaning of section 523(a)(4) of the Bankruptcy Code. Kenney notes that the arbitrator declined to

award damages on a theory of defalcation, and instead imposed liability on a theory of constructive fraud.

This argument is unpersuasive. In virtually every issue-preclusion case involving a section 523 action, the statutory basis for excepting the liability from discharge does not use the same terms employed in the prior tort action. In Khaligh, for example, the court held that a prior judgment for defamation established all of the elements for excepting the resulting debt from discharge under section 523(a)(6) as willful and malicious injury, even though section 523(a)(6) contains no reference to defamation. Id. at 831. It is necessary only that the prior decision establish facts necessary to except the debt from discharge under section 523. Id.

In the present case, the arbitration decision established all of the facts necessary to except the resulting debt from discharge under section 523(a)(4). The required elements under section 523(a)(4) are: the creation of an express trust; debtor's receipt of money or property as trustee of that trust; debtor's failure to use or protect that property as required under the terms of the trust; and damage resulting from the debtor's breach of trust. Niles, 106 F.3d at 1459-60; Lewis, 97 F.3d at 1185-86. The arbitrator made the following express findings of fact: that Brown and Kenney were partners regarding the ownership of the Property;[1] that Brown transferred $500,000 to Kenney for Kenney to use for partnership purposes; that Kenney diverted the $500,000 to her own use and did not use those funds for partnership purposes; and that

---

[1] As noted above, the Ninth Circuit has held that under California law partners are trustees with respect to partnership property for the purpose of section 523(a)(4). Ragsdale, 780 F.2d at 795-96.

**MEMORANDUM DECISION** -8-

Brown suffered the loss of the entire $500,000 as a result of Kenney's misapplication of partnership property. Arbitrator's Decision at 3-4, 12-13.

In determining that Kenney was liable to Brown on a theory of constructive fraud, the arbitrator did not decide that there was no defalcation within the meaning of section 523(a)(4) of the Bankruptcy Code. The arbitrator determined only that California state law did not use the term defalcation to describe the theory under which Defendant was liable to Plaintiff. Arbitrator's Decision at 9.

Kenney also contends that she was barred from introducing evidence on her own behalf because she did not pay her share of the costs of the arbitration. This court agrees that it has discretion not to apply issue preclusion against a party that did not have a full and fair opportunity to be heard in the prior proceeding. Khaligh, 338 B.R. at 827-30. I determine, however, that is it not unfair to give preclusive effect to the arbitrator's decision in the present case. The record indicates that Kenney was barred from introducing evidence only with respect to her affirmative claims against Brown, and that she was not barred from introducing evidence in defense of Brown's claims against her. That is what the decision states happened, and that is the only sanction that JAMS Rule 31(b) permits.

B. Defendant's Counterclaim for Breach of Contract

In response to Brown's complaint for a determination that the confirmed arbitration award be excepted from discharge, Kenney asserted a counterclaim in which she asserts that Brown is liable to her in the amount of $500,000 under various contracts between

the parties. Kenney acknowledges that her claim arose pre-petition, and that she attempted to raise it in the arbitration proceeding, but was barred from doing so because she failed to pay her share of the cost of arbitration.

Plaintiff moves to dismiss the counterclaim on the basis that it belongs to the bankruptcy estate and cannot be asserted by Kenney, and on the basis that the counterclaim could have been raised in the arbitration proceeding and is now barred under the principles of claim preclusion.

I determine that the counterclaim should be dismissed without prejudice for the following reasons.

Kenney is not the proper party to assert the counterclaim. Because the claim arose pre-petition, that claim became property of the bankruptcy estate pursuant to section 541(a), and must be brought by the chapter 7 trustee. Kenney did not even list the claim in her original schedules. Although she has now filed amended schedules that value the counterclaim at $500,000, and claims $12,500 of that value to be exempt, the counterclaim is still property of the bankruptcy estate and still must be asserted by the trustee. There is no indication that the trustee intends to assert the counterclaim.

If the trustee abandons the counterclaim to Kenney, this court will probably lose subject-matter jurisdiction. The counterclaim arises under state law. The only basis for jurisdiction in this court is that the counterclaim belongs to the estate, and that resolution of the counterclaim would therefore have an effect on the estate. Fietz v. Great W. Sav. and Loan Ass'n (In re Fietz), 852 F.2d 455 (9th Cir. 1988). Abandonment, which would permit

Kenney to assert the counterclaim, would also remove the counterclaim from the estate and thereby eliminate the principal basis for subject-matter jurisdiction. This court could conceivably invoke its supplemental jurisdiction to try the abandoned counterclaim, but I decline to do so because the court is now ready to enter judgment on all claims raised in Brown's complaint, and because to date the counterclaim has not been asserted by any party with the power to do so.

For similar reasons, I decline to resolve Brown's contention that the counterclaim is barred under principles of claim preclusion. That contention should be asserted against the party that holds the counterclaim. Brown rightly notes that it is only the trustee who may assert the counterclaim, but he has not made the trustee a party to his motion to bar that claim.

Finally, Brown seeks to recover the attorneys fees he incurred in responding to the counterclaim, under the theory that Kenney violated the automatic stay in asserting claims that belong to the bankruptcy estate. See § 362(a)(3). I decline to award fees for violation of the stay, because Brown was not injured by that alleged violation in any manner other than having to defend a non-meritorious claim.[2] The appropriate remedy for that type of injury is supplied in Rule 9011. Brown may not recover fees under Rule 9011, because he did not serve a separate motion as required under paragraph (c)(1)(A) of that rule.

---

[2] Brown cannot show that his interest as a creditor was impaired by Kenney's interference with the estate's prosecution of the claim, because Brown contends that the claim has no value.

**MEMORANDUM DECISION** -11-

**CONCLUSION**

Judgment will be entered for Brown declaring that Kenney's liability under the confirmed arbitration award is excepted from discharge, and dismissing Kenney's counterclaim without prejudice and without leave to amend.

**\*\*END OF MEMORANDUM DECISION\*\***