

Signed and Filed: January 2, 2013

_____
**THOMAS E. CARLSON**
U.S. Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br>MAUREEN BARBARA KENNEY,<br>　　　　　　　Debtor. | Case No. 11-33306 TEC<br>Chapter 7 |
| FRANK BROWN,<br>　　　　　　　Plaintiff,<br>　vs.<br>MAUREEN BARBARA KENNEY,<br>　　　　　　　Defendant. | Adv. Proc. No. 11-3227 TC |

**MEMORANDUM DECISION RE MOTIONS FOR EXTENSION OF TIME AND MOTION FOR RECONSIDERATION**

On December 14, 2012, this court held a hearing on Defendant Maureen Kenney's motion for extension of time to file notice of appeal, motion for extension of time to file motion for reconsideration, and motion for reconsideration. Michael S. Keck appeared for Defendant Kenney. David J. Cook appeared for Plaintiff Frank Brown. Upon due consideration, and for the reasons set forth below, I determine that each of the motions should be denied.

A. Extension of Time to File Notice of Appeal

Judgment in this action was entered on September 6, 2012. The time to file a notice of appeal ran on September 20, 2012. Mr. Keck's declaration acknowledges that he received notice of entry of judgment on September 7, 2012, but does not state that he made a notation on his calendar of the deadline for filing a notice of appeal. Instead, his declaration states that he became confused by a notation on his calendar for September 17, 2012. That was the date of a hearing on Kenney's claim of exemption regarding her affirmative claims against Brown. Mr. Keck attended that hearing. Kenney filed the present motion for extension of time on October 10, 2012, 20 days after the original deadline for filing a notice of appeal expired.

Under Rule 8002(c)(2), the court can extend the time for filing a notice of appeal for up to 21 days, but if the motion to extend time is filed after the original 14-day deadline has expired, the court may grant the motion for extension of time only if the moving party establishes that the failure to file a timely notice of appeal was the result of "excusable neglect."

In determining whether Kenney's failure to file a timely notice of appeal was excusable, this court is required to consider the following four factors: the length of delay involved, whether the opposing party was prejudiced by the delay, whether Kenney acted in good faith, and whether the delay resulted from factors beyond the reasonable control of Kenney and her counsel. Pioneer Inv. Serv. Co. v. Brunswick Assoc. Ltd. P'ship., 507 U.S. 380 (1993); SN Servicing Corp. v. Kloza (In re Kloza), 222 Fed. Appx. 547, 549 (9th Cir. 2007); 10 Collier on Bankruptcy 8002.10(2)

(16th ed. 2011).

Although the present motion involves limited delay, little prejudice to the opposing party in terms of reliance or loss of evidence, and no affirmative evidence of bad faith, that is equally so in virtually every motion to extend time to file a notice of appeal, because the time period for filing the notice of appeal can never be extended by more than 21 days. Fed. R. Bankr. P. 8002(c)(2). For this reason, I am hesitant to rely solely upon the three factors just described to find excusable neglect where the failure to file a timely notice of appeal resulted solely from counsel's lack of attention and not from factors beyond his or his client's control. After consideration of all the relevant factors, I find that Kenney has failed to establish excusable neglect. There is no evidence that Mr. Keck ever calendered the deadline. The effect of a hearing on a related matter three days before the deadline should have been to remind Mr. Keck of the looming deadline for filing a notice of appeal, not to confuse him or distract him from doing so. I also note that Mr. Keck's declaration does not state that he ever spoke with his client about an appeal and that the client had directed him to file a notice of appeal.

B.  Extension of Time to File Motion for Reconsideration

Kenney's motion for extension of time to file a motion for reconsideration should be denied because the rules do not authorize such relief. Rule 9023, which governs motions for reconsideration, provides that any such motion must be filed within 14 days after judgment is entered on the docket. That was not done here. Rule 9006, which governs extension of time, provides that the time for

filing a motion under Rule 9023 may not be extended. Fed. R. Bankr. P. 9006(b)(2).

C. Motion for Reconsideration

I would deny Kenney's motion for reconsideration if it were properly before the court. I discuss this question to inform Kenney that she has not been denied relief from judgment simply because she failed to file her motion for reconsideration in a timely manner.

The question raised in Kenney's motion for reconsideration is whether this court erred in affording issue-preclusion effect to the confirmed arbitration award, either because the arbitrator excluded evidence supporting Kenney's affirmative claim, or because Kenney stated in her declaration opposing summary judgment that the arbitrator excluded evidence regarding Brown's claim against her. This question relates to the principle of California law that a judgment not be afforded issue-preclusion effect where to do so would be against public policy. <u>Khaligh v. Hadaegh (In re Khaligh)</u>, 338 B.R. 817, 823-24 (B.A.P. 9th Cir. 2006).

The arbitrator's exclusion of evidence regarding Kenney's affirmative claim on the basis that Kenney did not pay her share of the costs of the arbitration did not violate California public policy. California courts deal with claims of inability to pay arbitration costs by examining ability to pay at the time the parties agree to use arbitration. <u>Parada v. Superior Court</u>, 176 Cal. App. 4th 1554, 1582-84 (2009). There is no evidence of Kenney's inability to pay as of that time. Nor is there any evidence that Kenney raised her alleged inability to pay when Brown sought to confirm the arbitration award. Absent a showing that the

arbitration agreement should not be enforced, California courts have shown no hesitation to enforce JAMS Rule 31, which is the rule the arbitrator relied upon in barring Kenney from introducing evidence in support of her affirmative claim. <u>Brown & Charbonneau v. Mahaffey</u>, 2011 WL 5520208 at 4-6 (Cal. App. 2011).

    I also determine that California law does not require this court to resolve the conflict between the statement in the arbitration decision that the only evidence excluded pertained to Kenney's affirmative claim, and Kenney's declaration that the arbitrator barred her from offering evidence in defense of Brown's claims against her. I so conclude for the following reasons. First, Kenney could have raised the improper exclusion of evidence when Brown sought to have the Superior Court confirm the arbitration award. Cal. Civ. Proc. Code § 1286.2(a)(5); <u>Burlage v. Superior Court</u>, 178 Cal. App. 4th 524, 529 (2009). California law provides a remedy for improper exclusion of evidence that Kenney did not avail herself of. Second, Kenney does not state what evidence was excluded. California courts deny confirmation of an arbitration award on the basis of exclusion of evidence only where the evidence is crucial to the proper resolution of the dispute. <u>Burlage</u>, 178 Cal. App. 4th at 528-30. Finally, having failed to challenge the exclusion of evidence when Brown sought to have the arbitration award confirmed, Kenney now asks this court to conduct a trial about a trial – to take evidence as to what evidence was offered at the arbitration hearing. There is no transcript of the arbitration proceedings. I conclude that any such inquiry should have been conducted in the proceedings concerning confirmation of the arbitration award, and that to conduct such an inquiry in the

present context is not required by public policy, but instead would be inconsistent with the finality California courts attach to a confirmed arbitration award.

**\*\*END OF MEMORANDUM DECISION\*\***